IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| PHILLIP P. WEINER, *et al.*, | * |
| Plaintiffs, | * |
| v. | *   Civil Action No.: MJG-10-1567 |
| NATIONAL MONEY MAN 4 CASH ADVANCE, LLC, *et al*, | * |
| | * |
| Defendants. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Absolute Fax, LLC and Bruce N. Salzman (hereinafter collectively "Defendants"), by and through their counsel, Thomas V. McCarron, Nicole Lentini and Semmes, Bowen and Semmes, for their Answer and Affirmative Defenses to Plaintiffs' Amended Complaint, allege upon knowledge, information and belief, as follows:

### PARTIES

1. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 1 of the Amended Complaint, and therefore deny those allegations.

2. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 2 of the Amended Complaint, and therefore deny those allegations.

3. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 3 of the Amended Complaint, and therefore deny those

allegations.

4. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 4 of the Amended Complaint, and therefore deny those allegations.

5. Defendants admit that Absolute Fax, LLC is a limited liability company registered in the State of Florida and that Bruce N. Salzman is the registered agent for Absolute Fax, LLC. Defendants deny the remainder of the allegations as worded in paragraph 5.

6. Defendants admit that Bruce N. Salzman is the registered agent and owner of Absolute Fax, LLC and that he resides at 9831 NW 15th Street, Plantation, FL 33322. Defendants also admit that Bruce N. Salzman is a manager of Big B, LLC. Defendants deny the rest of the allegations contained in paragraph 6.

7. Defendants deny the allegations contained in paragraph 7 of the Amended Complaint.

## JURISDICTION AND VENUE

8. The allegations in paragraph 8 state legal conclusions to which no answer is required. To the extent that paragraph 8 might be construed to alleged facts to which an answer is required, Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 8 of the Amended Complaint, and therefore deny those allegations.

9. The allegations in paragraph 9 state legal conclusions to which no answer is required. To the extent that paragraph 9 might be construed to alleged facts to which an answer is required, Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 9 of the Amended Complaint, and therefore deny those allegations.

10. The allegations in paragraph 10 state legal conclusions to which no answer is required. To the extent that paragraph 10 might be construed to alleged facts to which an answer is

required, Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 10 of the Amended Complaint, and therefore deny those allegations.

## FACTS ALLEGED

11. Defendants deny the allegations contained in paragraph 11 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 11 of the Amended Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Amended Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Amended Complaint.

14. Defendants deny that the fax ads solicited and described the commercial availability of the good of services of Defendants Bruce N. Salzman or Absolute Fax, LLC. In response to the remaining allegations in paragraph 14, Defendants lack sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph 14 of the Amended Complaint, and therefore deny those allegations.

15. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 15 of the Amended Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Amended Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Amended Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Amended

Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 19 of the Amended Complaint.

20. Defendants deny that they sent any facsimiles to the Plaintiffs. As to the content of the alleged facsimiles, Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 20 of the Amended Complaint.

21. Defendants deny that they sent any facsimiles to the Plaintiffs. As to the content of the alleged facsimiles, Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 21 of the Amended Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 22 of the Amended Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 24 of the Amended Complaint.

25.   Defendants deny the allegations contained in paragraph 25 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 25 of the Amended Complaint.

26.   Defendants deny the allegations contained in paragraph 26 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 26 of the Amended Complaint.

27.   Defendants deny that they ever sent or requested permission to send facsimiles to the Plaintiffs. Therefore, Defendants admit the allegations contained in paragraph 27 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 27 of the Amended Complaint.

28.   Defendants deny the allegations contained in paragraph 28 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 28 of the Amended Complaint.

29.   Defendants deny the allegations contained in paragraph 29 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 29 of the Amended Complaint.

30.   Defendants deny the allegations contained in paragraph 30 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants,

these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 30 of the Amended Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 31 of the Amended Complaint.

32. The allegations in paragraph 32 state legal conclusions to which no answer is required. To the extent that paragraph 32 might be construed to allege facts to which an answer is required, Defendants deny the allegations contained in paragraph 32 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 32 of the Amended Complaint.

33. Defendants admit that they do not have a business relationship with the Plaintiffs. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 32 of the Amended Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 34 of the Amended Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations

contained in paragraph 35 of the Amended Complaint.

36. Defendants deny that they sent any facsimiles to the Plaintiffs, and deny the allegations contained in paragraph 36. As to the content of the alleged facsimiles, Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 36 of the Amended Complaint. Additionally, as these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 37 of the Amended Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Amended Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 38 of the Amended Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 39 of the Amended Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 40 of the Amended Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants,

these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 41 of the Amended Complaint.

42. The allegations in paragraph 42 state legal conclusions to which no answer is required. To the extent that paragraph 42 might be construed to allege facts to which an answer is required, Defendants deny the allegations contained in paragraph 42 of the Amended Complaint.

43. The allegations in paragraph 43 state legal conclusions to which no answer is required. To the extent that paragraph 43 might be construed to allege facts to which an answer is required, Defendants deny the allegations contained in paragraph 43 of the Amended Complaint.

44. The allegations in paragraph 44 state legal conclusions to which no answer is required. To the extent that paragraph 44 might be construed to allege facts to which an answer is required, Defendants deny the allegations contained in paragraph 44 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 44 of the Amended Complaint.

## **CAUSES OF ACTION**

### **Count 1**

**(Sending an unsolicited advertisement to a telephone facsimile machine)**

45. Defendants incorporate all previously alleged responses to paragraphs 1-44 of the Amended Complaint as though fully set forth herein.

46. Defendants deny the allegations contained in paragraph 46 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 46 of the Amended Complaint.

47.     The allegations in paragraph 47 state legal conclusions to which no answer is required. To the extent that paragraph 47 might be construed to allege facts to which an answer is required, Defendants deny the allegations contained in paragraph 47 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 44 of the Amended Complaint.

48.     The allegations in paragraph 48 state legal conclusions to which no answer is required. To the extent that paragraph 48 might be construed to allege facts to which an answer is required, Defendants deny the allegations contained in paragraph 48 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 48 of the Amended Complaint.

49.     The allegations in paragraph 49 state legal conclusions to which no answer is required. To the extent that paragraph 49 might be construed to allege facts to which an answer is required, Defendants deny the allegations contained in paragraph 49 of the Amended Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 50 of the Amended Complaint.

51.     The allegations in paragraph 51 state legal conclusions to which no answer is required. To the extent that paragraph 51 might be construed to allege facts to which an answer is required, Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 51 of the Amended Complaint.

52. The allegations in paragraph 52 state legal conclusions to which no answer is required. To the extent that paragraph 52 might be construed to allege facts to which an answer is required, Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 52 of the Amended Complaint.

**Count 2 -Failure to provide date and time and required notice on each fax ad**

53. The allegations in paragraph 53 state legal conclusions to which no answer is required. To the extent that paragraph 53 might be construed to allege facts to which an answer is required, Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 53 of the Amended Complaint.

54. The allegations in paragraph 54 state legal conclusions to which no answer is required. To the extent that paragraph 54 might be construed to allege facts to which an answer is required, Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 54 of the Amended Complaint.

55. The allegations in paragraph 55 state legal conclusions to which no answer is required. To the extent that paragraph 55 might be construed to allege facts to which an answer is required, Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 55 of the Amended Complaint.

56. The allegations in paragraph 56 state legal conclusions to which no answer is required. To the extent that paragraph 56 might be construed to allege facts to which an answer is required, Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 56 of the Amended Complaint.

57. The allegations in paragraph 57 state legal conclusions to which no answer is required. To the extent that paragraph 57 might be construed to alleged facts to which an answer is

required, Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 57 of the Amended Complaint.

58.     Defendants deny that they sent any facsimiles to the Plaintiffs. Additionally, Defendants deny the allegations contained in paragraph 58 of the Amended Complaint as the allegations pertain to them. As to the content of the facsimiles, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 58 of the Amended Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 59 of the Amended Complaint.

60.     The allegations in paragraph 59 state legal conclusions to which no answer is required. To the extent that paragraph 59 might be construed to allege facts to which an answer is required, Defendants deny that they sent any facsimiles to the Plaintiffs and deny the allegations in paragraph 59 as they pertain to them. As to the content of the alleged facsimiles, Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 59 of the Amended Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants, these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 61 of the Amended Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of the Amended Complaint as the allegations pertain to them. As these allegations pertain to the Co-Defendants,

these Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 62 of the Amended Complaint.

### Count 3 - Injunctive relief under the federal TCPA, 47 U.S.C. § 227.

63. Defendants incorporate all previously alleged responses to paragraphs 1-62 of the Amended Complaint as though fully set forth herein.

64. The allegations in paragraph 64 state legal conclusions to which no answer is required. To the extent that paragraph 64 might be construed to allege facts to which an answer is required, Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 64 of the Amended Complaint.

65. The allegations in paragraph 65 state legal conclusions to which no answer is required. To the extent that paragraph 65 might be construed to allege facts to which an answer is required, Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 65 of the Amended Complaint.

### Counts 4, 5 and 6 - Violations of the Maryland TCPA (MD-TCPA)

66. Defendants deny the allegations contained in paragraph 66 of the Amended Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Amended Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Amended Complaint.

### AFFIRMATIVE DEFENSES

By way of affirmative defenses to Plaintiffs' Amended Complaint, Defendants allege as follows:

1. Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs lack standing to bring this claim.

3. Plaintiffs provided prior permission for the receipt of the alleged facsimile advertisements to co-Defendants. Additionally, Plaintiffs had a business relationship with co-Defendants. Please see Co-Defendants' Amended Affirmative Defenses and Answers to Interrogatories.

4. Plaintiffs' claims are barred by the equitable doctrines of estoppel, laches, waiver and /or unclean hands. *See* Co-Defendants' Amended Affirmative Defenses and Answers to Interrogatories.

5. These Defendants are not liable and should be dismissed with prejudice. *See* facts contained in Motion to Vacate and Reply as well as accompanying affidavits.

6. Plaintiffs' complaint is inconsistent with the intent of the Telephone Consumer Protection act, 47 U.S.C. § 227 *et seq*.

7. Plaintiffs failed to mitigate their damages.

## **RESERVATION OF RIGHTS**

Plaintiffs' Amended Complaint does not describe the claims made against these Defendants with sufficient particularity to enable Defendants to determine all of their defenses. Defendants therefore reserve the right to supplement their answer and affirmative defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants Absolute Fax, LLC and Bruce N. Salzman, prays that Plaintiffs' Amended Compliant is dismissed with prejudice with attorney fees and costs of suit awarded to Defendants and for such other and further relief that the Court determines if fair, just and equitable.

By:   /s/ Thomas V. McCarron
Thomas V. McCarron, Esq. (No.: 08145)
Nicole Lentini, Esq. (No.:17139)
Semmes, Bowen & Semmes
25 South Charles Street, Suite 1400
Baltimore, Maryland 21201
Telephone: (410) 539-5040
Fax: (410) 539-5223
Email: tmccarron@semmes.com
Email: nlentini@semmes.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Defendants' Answer has been forwarded via electronic filing on this the 16th day of February 2011 to:

Michael Craig Worsham, Esquire
Law Office of Michael Craig Worsham
1916 Cosner Road
Forest Hill, Maryland 21050
email: mcw@worshamlaw.com
*Attorney for Plaintiffs*

John F. Guillory
7100 Regency Sq. Blvd., Suite 247
Houston, Texas 77036
*Co-Defendant*

National Money Man 4 Cash Advance, LLC
c/o John Guillory
7100 Regency Sq. Blvd., Suite 247
Houston, Texas 77036
*Co-Defendant*

/s/ Nicole Lentini
Nicole Lentini